CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| STANLEY LEMECH PETTY, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:05-CV-00206 |
| | ) | |
| B.A. BLEDSOE, Warden, | ) | By:    Michael F. Urbanski |
| and the UNITED STATES PAROLE | ) | United States Magistrate Judge |
| COMMISSION, et al., | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, Stanley Petty, has petitioned the court for a writ of habeas corpus under 28

U.S.C. § 2241 alleging that the United States Parole Commission ("Commission") has violated

his constitutional rights regarding his sentence. This matter is before the court for report and

recommendation on respondent's motion for dismissal of the petition and petitioner's motion for

voluntary dismissal of the petition.

For the reasons outlined below, it is the recommendation of the undersigned that the

petition be dismissed. First, petitioner has moved to have the petition voluntarily dismissed. As

he does not want to pursue this action at this time, it is appropriate that it be dismissed. Second,

even if petitioner wanted to pursue this action, it would be inappropriate to grant the petition at

this time. Petitioner has not made the required administrative efforts to correct his sentence,

and petitioner's underlying claim is without merit.

As to the merits of the claim, in short, petitioner wants credit for time he was serving for

one offense to count against time he was serving for a second offense. Because there is a general

rule that time credited to one offense is not to be credited to a second offense, petitioner's claim

1

is meritless, and as such should be dismissed. Finally, a number of claims related to petitioner's conditions of confinement which he raised subsequent to filing his petition should be dismissed because petitioner has filed no administrative grievances regarding them.

I

On May 3, 2003, while on parole from a District of Columbia sentence, petitioner was arrested by District of Columbia authorities for assault with a dangerous weapon. See (Rupert Decl. ¶ 4(A)). Petitioner was being held in custody on these charges when on May 6, 2003, a warrant for return of prisoner released to supervision was issued. Id. ¶ 4(B) & (C). On July 17, 2003, a parole violator term of 798 days was imposed. Petitioner's 798-day parole violator term is deemed to have commenced on May 14, 2003, the date the parole warrant was executed. Id. ¶ 4(D). On January 30, 2004, petitioner was sentenced by the Superior Court for the District of Columbia to a five-year sentence and a three-year term of supervised release for assault with a dangerous weapon (hereinafter "current sentence"). This sentence was ordered to run concurrent with any other sentence being served. Id. ¶ 4(F) & (G); (Resp. Mot. Dismiss Exh. B.) This sentence was deemed to have commenced on January 30, 2004, the date which it was imposed. (Rupert Decl. ¶ 4(J)).

II

In his petition, petitioner claims that he wants a credit for the 267 days that he served between May 3, 2003 until January 30, 2004. Since he has filed his petition, on July 8, 2005, petitioner moved for voluntary dismissal of this action, stating that he currently lacks the resources to prosecute his claims. See (Docket No. 13.)

A prisoner seeking habeas corpus relief under Section 2241 must demonstrate that "he is

2

in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Having reviewed petitioner's allegations, it is the recommendation of the undersigned that the petition be dismissed for failure to state a claim for which relief can be granted. The Revitalization Act vested the United States Parole Commission ("USPC") with the sole authority to administer the District of Columbia parole system on August 5, 1998. See The National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, codified at D.C. Code § 24-131(a)(1) (2005) ("Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole....") Thus, the Commission is responsible for making any parole release decisions for all eligible D.C. Code felony offenders, including petitioner. In making such decisions, the Commission must follow the parole laws and rules of the District of Columbia as amended and supplemented by the Commission. The Commission has amended the parole rules and guidelines of the District of Columbia. See 28 C.F.R. § 2.80, et seq.; see also Muhammad v. Mendez, 200 F. Supp. 2d 466-469-70 (M.D. Pa. 2002).

### A.    Petitioner Has Not Exhausted His Administrative Remedies.

In its motion to dismiss, respondent argues that petitioner has failed to exhaust his administrative remedies challenging his sentence computation. It is well-settled that the administrative remedy process must be exhausted before an inmate may challenge the computation of the sentence in federal court. United States v. Harris, 11 Fed. Appx. 108, 2001 WL 378337 (4th Cir. Apr. 16, 2001) (holding that an inmate must first exhaust administrative remedies before challenging computation of a sentence through § 2241); United States v.

3

Burcham, 91 Fed. Appx. 820, 2004 WL 51841 (4th Cir. Jan. 13, 2004) (holding that where administrative remedies were not exhausted, an inmate could not challenge the Bureau of Prisons determination as to when the sentence commenced); Everett v. Ray, 2000 WL 429928 (4th Cir. Apr. 21, 2000) (holding that to the extent an inmate seeks to challenge his sentence under § 2241, he must first exhaust his administrative remedies); United States v. Dantzler, 1995 WL 290397 (4th Cir. May 15, 1995) (same); Miller v. Clark, 1992 WL 48031, at *1 (4th Cir. Mar. 16, 1992) ("Federal prisoners who wish to challenge the length of their confinement must first exhaust administrative remedies.") As there is no evidence that petitioner has exhausted his administrative remedies regarding his sentence, respondent's motion to dismiss the petition must be granted.

**B.     Petitioner May Only Receive Prior Custody Credit On His Current Sentence Only for Time Not Credited to Another Sentence.**

Additionally, from the record it appears that petitioner has received all of the prior custody credits to which he is entitled under applicable law. Here, petitioner seeks to credit for the time spent in custody prior to the commencement of his current sentence. D.C. Code § 24-221.03(a) controls prior custody credit. It provides that

> Every person shall be given credit on the maximum and minimum term of imprisonment for time spent in custody . . . as a result of the offense for which the sentence was imposed.

In this context, petitioner was in custody for parole violations at the time a sentence for a subsequent, unrelated offense was imposed. In situations where a parole violation affidavit was executed while a person was in custody for a new offense, the person cannot receive prior custody credits on the new sentence for any time spent in custody after the warrant was executed

4

since that time would be credited to the other offense. See Shelvy v. Whitfield, 718 F.2d 441, 442 (D.C. Cir. 1983); Ali v. District of Columbia, 612 A.2d 228, 229 (D.C. App. 1992). This follows the generally accepted principle that credit may not be given on one sentence for time spent serving another. Ali, 612 A.2d at 230. Given this, even if petitioner had exhausted his administrative remedies, it would be appropriate to grant respondent's motion to dismiss.

C.      Petitioner's Conditions of Confinement Claims.

On May 19, 2005, petitioner filed with the court "new evidence" ostensibly related to his petition including that he was removed from the general population; that prison staff have not conducted an investigation of this event; that plaintiff was denied an institutional transfer; that petitioner was placed into a "pilot program" without an interview or program orientation; that petitioner has been denied segregation review and psychiatric assessments; and that plaintiff has been denied privileges without a disciplinary sanction. Plaintiff wants to be transferred to another prison facility where he can resume relations with his handicapped wife.

Respondent has moved to dismiss these new allegations as prisoner has not exhausted his administrative remedies regarding them. In the Fourth Circuit, section 1997e(a) of the PLRA requires a prisoner to exhaust all available administrative remedies prior to filing an action challenging their conditions of confinement. See 42 U.S.C. § 1997e(a). Prisoners must not just initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. See Booth v. Churner, 532 U.S. 731, 740 (2001); Langford v. Couch, 50 F. Supp. 2d 544, 547 (E.D. Va. 1999).

In its motion to dismiss, respondent indicates that the Bureau of Prisons has established an administrative remedy procedure through which an inmate may seek a formal review of an

5

issue or complaint relating to their confinement. See 28 C.F.R. § 542.10. When an inmate is unable to resolve a dispute informally, the process provides that the inmate should file a written complaint with the Warden within twenty days of the alleged event. See 28 C.F.R. § 542.14(a). If the inmate is unsatisfied with the Warden's response, he is then to file appeals first with the Regional Director, and later with the Office of General Counsel of the Bureau of Prisons. See 28 C.F.R. § 542.15(a). In this case, petitioner has filed not filed any grievances related to any of these complaints. See (Wahl Decl. ¶ 5.) As petitioner has not exhausted his administrative remedies as he is required to do under 42 U.S.C. § 1997e(a), it is appropriate to dismiss the claims related to his conditions of confinement without prejudice.

### III

It is the recommendation of the undersigned that respondent's motion to dismiss be granted. Additionally, it is the recommendation of the undersigned that petitioner's claims regarding his conditions of confinement be dismissed because there is no indication that he has filed any administrative grievances regarding any of these claims.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

6

The Clerk of the Court is hereby directed to send a certified copy of this Report and

Recommendation to plaintiff and counsel of record.

**ENTER:** This 25st day of August, 2005.

_____
United States Magistrate Judge

7